# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RMJP OAKCREST COMMONS, LLC,**

     **Plaintiff,**

**v.**                                  **Case No.  8:14-cv-454-T-30MAP**

**SB ASSOCIATES LIMITED**
**PARTNERSHIP, et al.,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Bifurcation (Dkt. 10) and Defendants' Response in Opposition (Dkt. 11).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

This action involves claims against Defendants for negligent misrepresentation, fraudulent misrepresentation, and relief of rescission, related to Plaintiff's purchase of a piece of commercial property.  In short, Plaintiff alleges that Defendants failed to disclose the existence of a wetlands mitigation area adjacent to the subject property.  Plaintiff contends that this undisclosed area affects the subject property's visibility.

This case is set for a bench trial.  Plaintiff now seeks to bifurcate the trial into liability and damages phases and requests a stay of discovery with respect to the issue of damages.

Federal Rule of Civil Procedure 42(b) provides for bifurcation of trials "[f]or convenience, to avoid prejudice, or to expedite and economize".  Fed. R. Civ. P. 42(b).

District courts have "broad discretion" in deciding whether to bifurcate.  *See Harrington v. Cleburne Cnty. Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001).  The court's "paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice."  *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006) (citing *Kimberly-Clark Corp. v. James River Corp. of Va.,* 131 F.R.D. 607, 608 (N.D. Ga. 1989)).  Plaintiff, as the moving party, bears the burden of establishing that bifurcation is warranted.  *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345-46 (S.D. Fla. 2008).

Plaintiff has not established that bifurcation is appropriate here.  Indeed, the Court sees only inefficiency in delaying the damages portion of the case.  This matter is set for a bench trial and the claims presented in this case are not complex.  Also, Plaintiff's alleged damages (Defendants contend that Plaintiff cannot establish damages) are an element of each claim Plaintiff asserts in this action.  In other words, the issues of liability and damages are inextricably intertwined.  Accordingly, severance of liability and damages is impractical and unnecessary under these circumstances.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Bifurcation (Dkt. 10) is denied.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2014\14-cv-454.denymt-bifurcate.frm